NO. 07-10-0195-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 MARCH 9, 2011

 ______________________________

 IN THE INTEREST OF J.R.H. AND J.R.H, CHILDREN

 _________________________________

 FROM THE 286[TH] DISTRICT COURT OF HOCKLEY COUNTY;

 NO. 08-04-21,253; HONORABLE PAT PHELAN, JUDGE

 _______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
Appellant, J.R.H., filed a notice of appeal challenging the trial court's order terminating his parental rights to his two sons, J.R.H. and J.R.H. In presenting this appeal, court-appointed counsel for Appellant has filed an Anders brief in support of a motion to withdraw. We grant counsels motion and affirm.
In support of her motion to withdraw, counsel certifies she has diligently reviewed the record and, in her opinion, it reflects no reversible error. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. See Stafford v. State, 813 S.W.2d 503 (Tex.Crim.App. 1991). Counsel has demonstrated that she has complied with the requirements of Anders by (1) providing a copy of the brief to Appellant and (2) notifying him of his right to file a pro se response if he desired to do so. By letter, this Court also granted Appellant time in which to file a pro se response to counsels brief, should he desire to do so. Appellant did not file a response. Neither did the Department favor us with a brief.
 Termination of Parental Rights
Section 161.001 of the Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under subsection (1) of the statute and also proves that termination of the parent-child relationship is in the best interest of the child. See 161.001(1) and (2); Holley v. Adams, 544 S.W.2d 367, 370 (Tex. 1976). Though the same evidence may be probative of both issues, both elements must be established and proof of one element does not relieve the petitioner of the burden of proving the other. See id.; In re C.H., 89 S.W.3d 17, 28 (Tex. 2002). 
Only one statutory ground is required to terminate parental rights under section 161.001. See In re A.V., 113 S.W.3d 355, 362 (Tex. 2003); In re S.F., 32 S.W.3d 318, 320 (Tex.App.San Antonio 2000, no pet.). Therefore, we will affirm the termination order if the evidence is sufficient to establish (1) any statutory ground relied on by the trial court in terminating the parent-child relationship and (2) that termination is in the childs best interest. See In re A.V., 113 S.W.3d at 362.
The natural right existing between parents and their children is of constitutional dimension. Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings must be strictly scrutinized. In Interest of G.M., 596 S.W.2d 846, 846 (Tex. 1980). A termination decree is complete, final, irrevocable, and divests for all time those natural rights, as well as all legal rights, privileges, duties, and powers, existing between a parent and a child, except for the childs right to inherit. Holick, 685 S.W.2d at 20. Thus, due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. In re J.F.C., 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. See 101.007. See also In Interest of G.M., 596 S.W.2d at 847; In re Z.J., 153 S.W.3d 535, 539 (Tex.App.Amarillo 2004, no pet.). Parental rights, however, are not absolute, and it is essential that the emotional and physical interests of the child not be sacrificed merely to preserve those rights. In re C.H., 89 S.W.3d at 26. 
Here, counsel does not advance any arguable issues. Rather, she analyzes why the trial court's termination order is supported by clear and convincing evidence and then concludes the appeal is without merit. We agree with counsel's evaluation of the record.
Just as in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409; Stafford, 813 S.W.2d at 511. We have found none. See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsels brief, we agree with counsel that there is legally sufficient evidence to establish at least one statutory ground for termination, that the best interest of the children would be served by that termination, and that there are, therefore, no plausible grounds for appeal. 
Accordingly, counsel's motion to withdraw is granted and the trial courts termination order is affirmed. 
 Per Curiam